## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| _____ | : | |
| GREEN SKYLINE SOLAR, LLC, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. _____ |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| NOVEL ENERGY SOLUTIONS, LLC, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| _____ | : | |

## COMPLAINT

Plaintiff Green Skyline Solar, LLC ("Green Skyline"), by and through its undersigned counsel, hereby files this Complaint against Defendant Novel Energy Solutions, LLC ("Novel Energy") and avers as follows:

### INTRODUCTION

1.      This is an action for breach of contract and related equitable relief arising from Defendant Novel Energy Solutions LLC's failure to pay consulting fees and agreed late fees owed to Plaintiff Green Skyline Solar, LLC in connection with two solar energy projects located in Maine: the Doles Project and the Sokokis Project.

2.      Green Skyline fully performed its contractual obligations, earned its consulting fees pursuant to the parties' Consulting Agreement, and issued invoices for both projects in the summer of 2025 once the system sizes were ascertainable.

3.      A few months later, in the fall of 2025, Novel Energy acknowledged that the invoices were valid and undisputed, admitted that its non-payment was due solely to cash-flow

issues, and made express promises to pay the outstanding amounts in exchange for Green Skyline's forbearance from litigation.

4. Despite those acknowledgments and promises, Novel Energy has failed to pay any portion of the amounts due.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 and the Consulting Agreement, which provides that disputes arising out of the Agreement shall be litigated in Pennsylvania state or federal courts.

## PARTIES

7. Plaintiff Green Skyline Solar, LLC is a Pennsylvania limited liability company with its principal place of business in Pennsylvania and an address of 800 North Tamiami Trail, Unit 1006, Sarasota, Florida 34236.

8. Defendant Novel Energy Solutions, LLC is a limited liability company with its principal place of business in Minnesota and an address of 2303 Wycliff Street, Suite 300, Saint Paul, Minnesota 55114.

## FACTUAL ALLEGATIONS

A. The Consulting Agreement and Fee Structure

9. On or about December 14, 2021, Green Skyline and Novel Energy entered into a written consulting agreement (the "Consulting Agreement") pursuant to which Green Skyline agreed to identify and support solar energy projects for Novel Energy.

10. Pursuant to the Consulting Agreement, Green Skyline agreed to provide consulting services to Novel Energy, including: (a) introducing Novel Energy to potential sellers of renewable energy projects in need of debt or equity financing; (b) pursuing Novel Energy's interests related to the development of Projects with referred Sellers; (c) gathering and analyzing pertinent data related to referred Projects; and (d) negotiating the terms for Projects with Sellers on behalf of Novel Energy.

11. Green Skyline performed the consulting services described above consistent with the Consulting Agreement and in a timely manner.

12. Under the Consulting Agreement, Green Skyline was entitled to consulting fees calculated on a per-watt (DC) basis for each referred project.

13. The Consulting Agreement requires Novel Energy to pay the consulting fee based on each project's permitted and commissioned system size.

14. The Consulting Agreement further provides that Green Skyline's consulting fee accrues interest annually at the prime lending rate plus 8% if unpaid after 30 days and entitles the prevailing party to recover attorneys' fees and costs.

15. Pursuant to Section 7 of the Consulting Agreement, in the event of litigation arising from the Agreement, the prevailing party is entitled to recover its reasonable attorneys' fees and costs from the non-prevailing party.

**B.    Project Development Timeline and Fee Determination**

16. Green Skyline referred and supported two solar projects in Maine for Novel Energy: a project located in Limerick, Maine (the "Doles Project") and a project located in Limington, Maine (the "Sokokis Project").

17.    Notices to Proceed for the projects were issued in or about the third and fourth quarters of 2025.

18.    Consistent with the Consulting Agreement, Green Skyline's entitlement to consulting fees for both projects became determinable once the final system sizes were ascertainable.

**C.    The Doles Project**

19.    The Doles Project is a ground-mounted solar project located in Limerick, Maine, with a final permitted capacity of approximately 3,334 kW (DC).

20.    Based on the agreed per-watt fee structure ($0.06 per watt) and final system size, Green Skyline earned a consulting fee of $200,100 for the Doles Project.

21.    On July 8, 2025, Jacob Yaeger, Chief Executive Officer of Green Skyline, submitted an invoice to Novel Energy for the Doles Project consulting fee, as the system size had become ascertainable.

22.    Novel Energy refused to pay the invoice, claiming that its payment obligation had not yet been triggered because the project had not reached Notice to Proceed and the project's capacity remained unknown because the permitting process was incomplete.

23.    Novel Energy's position was without merit, as the system size was in fact ascertainable at the time the invoice was submitted.

**D.    The Sokokis Project**

24.    The Sokokis Project is a ground-mounted solar project located in Limington, Maine, with a final permitted capacity of approximately 1,902 kW (DC).

25.    Based on the agreed per-watt fee structure ($0.06 per watt) and final system size, Green Skyline earned a consulting fee of $114,096 for the Sokokis Project.

4

26.     On September 22, 2025, Mr. Yaeger submitted an invoice to Novel Energy for the Sokokis Project consulting fee, as the final system size had become ascertainable.

27.     Novel Energy refused to pay the invoice, again claiming that its payment obligation had not yet been triggered because the project had not reached Notice to Proceed and the project's capacity remained unknown because the permitting process was incomplete.

28.     Novel Energy's position was without merit, as the system size was in fact ascertainable at the time the invoice was submitted.

**E.     Default, Late Fees, and Forbearance**

29.     By the fall of 2025, both projects had permitted and commissioned system sizes, and both had reached Notice to Proceed.

30.     Green Skyline sent additional invoices for both projects in the fall of 2025.

31.     By late 2025, Novel Energy had defaulted on both consulting invoices for several months.

32.     Novel Energy acknowledged that the invoices were valid and undisputed and admitted that its failure to pay was due solely to internal cash-flow issues.

33.     To avoid litigation, Novel Energy agreed that 15% late fees would apply to the unpaid invoices.

34.     Specifically, in or about January 2026, Novel Energy affirmatively represented that it would pay the outstanding consulting fees together with the agreed late fees if Green Skyline refrained from immediately filing suit.

35.     In reasonable reliance on those representations, Green Skyline temporarily forbore from enforcing its contractual and legal rights.

36.     Novel Energy nevertheless failed to remit payment.

37. On February 9, 2026, Novel Energy again sought to avoid litigation and agreed to pay the underlying consulting fees owed, plus 15% late fees and an additional $40,000 late fee in connection with the unpaid invoices, in exchange for Green Skyline's continued forbearance.

38. Novel Energy has not paid the February 2026 late fee or any portion of the underlying consulting fees.

## COUNT I – BREACH OF CONTRACT

39. Green Skyline incorporates by reference the preceding paragraphs as if fully set forth herein.

40. The Consulting Agreement constitutes a valid and enforceable contract.

41. Green Skyline fully performed all obligations required of it under the Consulting Agreement and earned the Consulting Fee.

42. Novel Energy repeatedly acknowledged its payment obligations under the Consulting Agreement, including in January and February 2026, and confirmed that the invoiced amounts were due and owing, along with the late fees.

43. Novel Energy breached the Consulting Agreement by failing to pay the consulting fees, late fees, and additional agreed-upon amounts.

44. Novel Energy's breaches were willful and without legal justification.

45. As a direct and proximate result of Novel Energy's breaches, Green Skyline has suffered damages in excess of $400,000, exclusive of interest, attorneys' fees, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Green Skyline Solar, LLC hereby demands judgment against Defendant Novel Energy Solutions, LLC for the following relief: (a) compensatory damages in excess of $400,000; (b) contractual interest at the prime lending rate plus 8% on all unpaid

amounts; (c) attorneys' fees and costs of suit as provided by the Consulting Agreement; and (d)

such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**ROYER COOPER COHEN BRAUNFELD LLC**

By: */s/ Sean S. Litz*

Sean S. Litz, Esquire (204229)
Three Logan Square
1717 Arch Street, 47th Floor
Philadelphia, PA 19103
484-362-2631 (P); 484-362-2630 (F)
slitz@rccblaw.com
*Attorney for Plaintiff, Green Skyline Solar, LLC*

Dated: April 24, 2026